UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVON C. DAVIS,<br><br>              Plaintiff,<br><br>      vs.<br><br>OFFICER CORDOVA, *ET AL.*,<br><br>              Defendants. | Case No. 1:14-cv-02072-RRB<br><br>**DISMISSAL ORDER** |

Plaintiff Lavon C. Davis, a California state prisoner appearing *pro se* and i*n forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983 against various officials of the California Department of Corrections and Rehabilitation.[1] Pending before the Court is Davis' Amended Complaint.[2] Davis' complaint arises out of his incarceration at the Wasco State Prison, Wasco, California. Davis is presently incarcerated at the California Medical Facility, Vacaville, California.

I. **SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] In addition to Correctional Officer Cordova, Davis names as Defendants: Correctional Officer Ayala; Correctional Officer Haddad; Correctional Officer Campbell; Correctional Officer Rodriquez; John Doe; and Jane Doe.

[2] Docket 13.

[3] 28 U.S.C. § 1915A(a).

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[4] Likewise, a prisoner must exhaust all administrative remedies as may be available,[5] irrespective of whether those administrative remedies provide for monetary relief.[6]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[9]

---

[4] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[5] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[6] *See Booth*, 532 U.S. at 734.

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[9] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

## II. ANALYSIS OF AMENDED COMPLAINT

Davis has filed an Amended Complaint consisting of 392 pages, over 350 pages of which are duplicate copies of his medical records. The problem with the Amended Complaint is threefold in that it: (1) has appended thereto a copy of the initial Complaint;[14] (2) requests relief beyond the purview of this Court; and (3) includes a request for appointment of counsel.[15]

The filing of an amended complaint supercedes the initial complaint, which no longer serves any function in the proceeding.[16] In preparing his Second Amended Complaint Plaintiff should not append to it either his original Complaint or his Amended

---

[10] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[11] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[12] *Id.*

[13] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[14] Docket 13-1, pp. 12–202.

[15] Docket 13-1, pp. 5–11.

[16] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hall Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

Complaint.  Furthermore, it is unnecessary for Davis to attach to his complaint his medical records.  To the extent necessary to prove Plaintiff's claim(s) documents and papers are produced and submitted to the Court in accordance with the applicable rules of practice and procedure.  To facilitate efficient and timely processing of his Complaint by the Court Davis must follow the instructions contained in the Complaint form provided by the Clerk of the Court.  Davis should state:  (1) who (by name, not simply as "defendant"); (2) what the defendant did (description of the wrongful act); (3) when (date of the occurrence); (4) the injury suffered as a result; and (5) the amount claimed as damages.

This Court is limited to the relief it may grant:  monetary damages and, in some rare instances, injunctive relief.  It may not, however, order the removal of correctional officers from employment or initiate criminal charges against them.  Thus, in preparing his Second Amended Complaint Davis must limit his prayer for relief to the relief that lies within the jurisdiction of this Court.

A request for appointment of counsel must be made by a separate motion, not as part of the Complaint.  Accordingly, Plaintiff must file his request for appointment of counsel as a separate motion, not as part of his Second Amended Complaint

### III.    ORDER

The Amended Complaint on file herein is hereby **DISMISSED**.

Plaintiff is granted leave through and including **October 9, 2015,** within which to file his Second Amended Complaint consistent with this Order, and separately move for the appointment of counsel.

**IT IS SO ORDERED** this 2nd day of September, 2015

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE
